| Harold J. Lawrence vs. General Baking Co. | No. 3903. |
| Joseph Rouan vs. General Baking Co. | No. 3905. |
| Edward Ferreira vs. General Baking Co. | No. 3904. |

December 4, 1928

Blodgett, J. Heard upon defendant's motions for new trial after verdicts of the jury for the several plaintiffs.

The testimony as to liability of the defendant in the case of Harold J. Lawrence, the driver of the car in collision with the truck of defendant, was very conflicting. The collision occurred late at night. The atmosphere was foggy. The question both of liability of defendant and contributory negligence of the driver of the car was submitted to the jury and the court feels it cannot interfere with the verdict of the jury as to the facts.

The other plaintiffs were passengers in the car.

The matter of any negligence on the part of the driver being imputed to such plaintiffs was also submitted to the jury.

The jury awarded $8,000 to Harold J. Lawrence. The only objective damage suffered by the said plaintiff at the time of trial was a well marked scar upon his cheek. He testified that after the collision he remained at home for three or four days; that he suffered pain from a continual ache; that he was compelled to employ a helper for some time at $45 per week; that he feared he was becoming deaf; that he suffered great embarrassment in his business by reason of the appearance of this scar. This covers the extent of his personal injuries.

He testified to having paid some $800 for the automobile; that he had driven the same some 5000 miles and that

after the collision he was offered $335 for the old car in trade for a new car.

The sum awarded by the jury seems to the court grossly excessive. Unless the plaintiff Harold J. Lawrence shall within four days after notice remit all of said verdict in excess of $3000, a new trial will be granted.

In the case of Joseph Rouan the jury awarded the plaintiff $3000.

Plaintiff complained of a cut on the head, a twisted neck, and bladder trouble as a result of the collision. He testified to being out of work for twelve weeks although confined to the house for three weeks; that he was in the junk business; that his earning capacity was $40 a week; that he hired help in his business for three months after the accident at the rate of $10 to $15 a week, although he could only name three jobs when he had employed one Harry Smith.

Dr. Sullivan, called by plaintiff, testified in his opinion the bladder trouble was due to nervousness, X-ray and urine tests being negative. The bill of the doctor for services was $25.

The verdict seems to the Court excessive. Unless the plaintiff, Joseph Rouan, shall within four days after notice remit all of said verdict in excess of $1500, a new trial is hereby granted.

In the case of Edward Ferreira, in which a verdict of $1500 was rendered for the plaintiff, the motion for a new trial is denied.

For plaintiffs: John H. Nolan.

For defendant: Ira Shepard, Boss, Shepard & McMahon.